UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANTOINE D. WILSON, | ) | |
| | ) | |
| | ) | Judge Frost |
| Plaintiff, | ) | |
| | ) | Magistrate Judge King |
| v. | ) | |
| | ) | Case No. 04-CV-00918 |
| REGINALD WILKINSON, ET AL., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**AMENDED AGREED PROTECTIVE ORDER**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and the agreement of the parties, each through their respective counsel, the Court enters the following protective order:

1. As used in this Order, "document" means any written, printed, typed, recorded or graphic materials, however produced or reproduced, of any kind or description, including materials that are retained by electronic means.

2. As used in this Order, "Confidential Material" means the following: documentation, charts, graphs, evaluations, and/or documents of any kind that are related to (a) security procedures at any Ohio correctional institution, including, Special Response Team information, Critical Incident Management information, disturbance response information, criminal investigation information, Federal Bureau of Investigation information, and victims' information; (b) files, documents or information generated by BCI or ODRC of which an Ohio prisoner, other than Plaintiff, is the subject; (c) post and

1

pre-sentence investigation reports; (d) the extraction, collection, analysis, and maintenance of an Ohio prisoner's DNA specimen; and (e) such materials as deemed "Confidential" by non-parties whom discovery is sought from by any party.

      3.      Any party producing any document that includes "Confidential Material" may designate the document as "Confidential." Any party may designate a written discovery response as "Confidential."

      4.      The designation of material as including "Confidential Material" shall be made by affixing thereon (in such manner as will not interfere with the legibility thereof) the following notice: **CONFIDENTIAL**. The entire document or written discovery response that contains such notice, and the information contained in such materials, shall be treated as "Confidential Material" within the meaning of this Order.

      5.      If a party disagrees with the designation of material as "Confidential," or with a specific document falling within the scope of paragraph 7, then that party may file an appropriate request with the Court for a ruling on the disputed material. The material shall nevertheless be produced. The disputed material shall remain "Confidential" and subject to the terms of this Order unless and until the Court rules otherwise.

      6.      Material designated "Confidential" and any copies thereof, the information contained in such material, and any notes made therefrom may be disclosed solely for the purposes of preparing for and conducting the above-captioned litigation only to the following: (a) the Court (in accordance with the

provisions of paragraph 10); (b) witnesses (in accordance with the provisions of paragraph 8); (c) the parties (except as limited by paragraph 7); (d) attorneys for the parties; and (e) persons such as secretaries, legal assistants, and legal interns regularly employed in such attorneys' offices.  No copies, abstracts or summaries shall be made except by or on behalf of said attorneys for Plaintiff and attorneys for the Defendants and such copies, abstracts, and summaries shall be deemed "Confidential Material," and the notice, as provided in paragraph 4 hereof, shall be affixed thereto by the person making such copies, documents or summaries. All documents designated by Defendants as "Confidential" and any copies, summaries or abstracts of said documents shall only be retained in the custody, control and possession of counsel for Plaintiff, persons such as secretaries, legal assistants, and legal interns regularly employed in said counsel's offices, or expert witnesses retained for the purposes of the above-captioned litigation.

    7.  Notwithstanding the other provisions of this Order, two types of "Confidential Materials" shall not be disclosed to Plaintiff: (a) Confidential Materials that fall within the definition of paragraph 2(a); and (b) Confidential Materials that include the names or prison numbers of incarcerated individuals at a correctional institution of the State of Ohio, other than Plaintiff.  It is the obligation of counsel for Defendants to inform counsel for Plaintiff at the time of production of any "Confidential Materials" that Defendants consider to fall within these provisions.

3

8. A party may disclose "Confidential Material" to an expert witness (including any employee of said expert or consultant) retained for purposes of the above-captioned litigation, but only after counsel for such party has, in advance of the disclosure, informed such expert of the terms of this Order, and delivered to such expert a copy of the Order and a certificate regarding confidentiality which shall be read and signed by such expert before receiving any "Confidential Material."

9. In the event of disclosure of "Confidential Material" to the employee of an attorney or to an expert witness, such person or persons shall be provided with a copy of this Order and shall be bound by its terms. In addition, counsel for the party making the disclosure shall advise the person or persons to whom the disclosure is made that, pursuant to this Order, such person may not divulge any such "Confidential Material" to any other person or use such material for any purpose other than the reasons set forth in paragraph 6.

10. In the event that any "Confidential Material" is included with, or the contents thereof are in any way disclosed in any pleading, motion, deposition transcript, exhibit, or other paper filed with the Court in this matter, such "Confidential Material" shall be kept under seal by the Court until further order of this Court; provided, that such paper shall be furnished to the Court and attorneys for the named parties, and a duplicate copy thereof (with the "Confidential" deleted therefrom) may be placed in the public record.

11. To the extent documentary or deposition discovery is sought by any party to this litigation from any non-party to this action, the subject of

4

such discovery may, by written notice to the parties prior to the time such discovery responses become due or prior to the date of deposition, avail himself, herself, or itself of the protections of this Order, deem the discovery responses or deposition testimony as "Confidential," and make any production of documents or give any deposition testimony subject to the provisions and restrictions contained herein.

12. Nothing in this Order shall be deemed to preclude any party from seeking, on an appropriate showing, lesser or greater protection with respect to the confidentiality of any document, written discovery response or deposition testimony.

13. Neither this Order nor the designation of any item as "Confidential" shall be construed as an admission that such material, or any testimony in respect of such material in a deposition or otherwise would be admissible in evidence in this litigation or in other proceedings.

14. Nothing in this Order shall limit in any manner a party's own use of any materials or documents designated by it to be "Confidential."

15. Nothing in this Order shall be deemed to limit any party's rights to discovery in connection with this action, or to restrict the prosecution, defense, or settlement of this litigation.

16. Nothing in this Order shall be deemed to limit the parties' ability to modify, alter, or amend the Order, so long as all parties agree to any modifications, alterations, or amendments.

17.    At the conclusion of this lawsuit and of any appeals or other termination of this litigation, all "Confidential Material" received under the protections of this Order (and all copies) shall be tendered back to the supplying parties or destroyed, at the supplying party's option.  The provisions of this Order insofar as they restrict the communication and use of "Confidential Material" shall continue to be binding on all parties and individuals who received "Confidential Material" after the conclusion of this litigation.

IT IS SO ORDERED.

ENTERED this 12th day of September, 2005.

                                *s/Norah McCann King*
                           United States Magistrate Judge

APPROVED:

| | |
|---|---|
| /s/ William J. Pohlman | Jim Petro (0022096) |
| William J. Pohlman (0040912), Trial Attorney | Attorney General |
| VORYS, SATER, SEYMOUR AND PEASE LLP | |
| 52 East Gay Street | /s/ Philip A. King per written authority |
| Columbus, Ohio 43215 | Philip A. King (0071895) |
| (614) 464-6400 | Norman E. Plate (0071762) |
| (614) 464-6350 (Facsimile) | Assistant Attorney General |
| wjpohlman@vssp.com | Corrections Litigation Section |
| | 150 East Gay Street, 16th Floor |
| OF COUNSEL: | Columbus, Ohio 43215 |
| | Tel: (614) 644-7233 |
| David A. Singleton (0074556) | Fax: (614) 728-9327 |
| Prison Reform Advocacy Center | |
| 617 Vine Street, Suite 1301 | Trial Attorneys for Defendants |
| Cincinnati, Ohio 45202-1108 | |
| (513) 421-1108 | |
| (513) 562-3200 (Facsimile) | |
| dsingleton@PRISONREFORM.com | |

Thomas H. Fusonie (0074201)
Gina R. Russo (0075595)
Elizabeth Hanning Smith (0076701)
V<small>ORYS</small>, S<small>ATER</small>, S<small>EYMOUR AND</small> P<small>EASE</small> LLP
52 East Gay Street
Columbus, Ohio 43215
(614) 464-6400
(614) 464-6350 (Facsimile)
thfusonie@vssp.com
grrusso@vssp.com
ehanningsmith@vssp.com

Attorneys for Plaintiff