IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ANTOINE D. WILSON,

        **Plaintiff,**

   v.

REGINALD WILKINSON, *et al.*,

        **Defendants.**

CASE NO. 2:04-cv-00918

MAGISTRATE JUDGE KING

## OPINION AND ORDER

Plaintiff, an inmate at the Ross Correctional Institution, brings this action pursuant to 42 U.S.C. §1983 alleging that his rights were violated when defendants compelled him to provide a DNA sample by swabbing the inside of his mouth for collection of buccal cells pursuant to the Ohio DNA Act, O.R.C. §2901.07. This matter is now before the Court on defendants' motion for an order compelling disclosure by and answering of questions by plaintiff's expert, *Defendants' Motion to Compel*, Doc. No. 46, and plaintiff's motion for a protective order limiting the deposition of plaintiff's expert, *Plaintiff's Motion for a Protective Order*, Doc. No. 48. For the reasons that follow, *Defendants' Motion to Compel*, Doc. No. 46, is **GRANTED** and *Plaintiff's Motion for a Protective Order*, Doc. No. 48, is **DENIED.**

At the March 23, 2006, deposition of Dan E. Krane, Ph.D., identified by plaintiff as an expert witness who may testify at trial, *see Plaintiff's Disclosure of Expert Testimony*, Doc. No. 28, counsel for plaintiff objected to inquiry into Dr. Krane's communications with plaintiff's counsel prior to June 2005, *i.e.*, the point at which Dr. Krane was retained as a testifying expert on plaintiff's behalf. *See Deposition of Dan E. Krane, Ph.D.*, March 23, 2006, at 97-99, Doc. No. 50 (filed under

seal)[hereinafter "*Krane Depo.*"].[1] Plaintiff argues that Dr. Krane's communications with counsel prior to June 2005 constitute protected attorney work product within the meaning of Federal Rule of Civil Procedure 26(b)(3),[2] and that, before conducting the requested discovery, defendants must establish exceptional circumstances requiring the discovery of such information under Federal Rule of Civil Procedure 26(b)(4)(B).[3] *Plaintiff's Motion for Protective Order*, at 4. Plaintiff therefore seeks a protective order prohibiting defendants from questioning Dr. Krane regarding any communications with Plaintiff prior to June 2005 absent a showing of exceptional circumstances, and in any event limiting Dr. Krane's deposition to prohibit inquiry into matters related to counsel's

---

[1] The parties conferred with the Court by telephone, and were directed to brief the issue. *Order* (March 23, 2006), Doc. No. 43.

[2] Federal Rule of Civil Procedure 26(b)(3) provides:

(b) Discovery Scope and Limits. Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:

(3) Trial Preparation: Materials. Subject to the provisions of subdivision (b)(4) of this rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

[3] Federal Rule of Civil Procedure 26(b)(4) provides in relevant part:

Trial Preparation: Experts.

(A) A party may depose any person who has been identified as an expert whose opinions may be presented at trial. If a report from the expert is required under subdivision (a)(2)(B), the deposition shall not be conducted until after the report is provided.

(B) A party may, through interrogatories or by deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, only as provided in Rule 35(b) or upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means.

litigation strategy or mental impressions as protected work product under Federal Rule of Civil Procedure 26(b)(3). *Plaintiff's Motion for a Protective Order*, Doc. No. 48. In support of his motion, plaintiff's counsel, Thomas H. Fusonie, has submitted an affidavit stating in relevant part:

> On May 7, 2005, Dr. Krane's consultation included discussion of other attorneys who understood DNA profiling, and who were involved in similar litigation; litigation strategy; possible expert witnesses; and the protocol and practices of Defendant Jone Monce, Superintendent of the Bureau of Criminal Investigation ("BCI") in preparation for Plaintiff's Motion to Compel Discovery to allow inspection of BCI's London, Ohio, facilities.
>
> On or about June 6, 2005, Plaintiff's counsel concluded it was necessary to obtain an expert witness report from Dr. Krane regarding the impact of including the DNA profile of African Americans into Ohio's DNA database.

*Affidavit of Thomas H. Fusonie*, attached as exhibit to *Plaintiff's Motion for Protective Order*, Doc. No. 48.

This Court concludes that Dr. Krane's testimony must be available to defendants without the restrictions proposed by plaintiff.

> Generally, non-testifying experts are protected from discovery so as to allow a party to feel free to hire and consult with such experts without risking exposing certain information to the opposing party. *See* Fed.R.Civ.P. 26(b)(4)(B).

*Zolensky v. Ametek, Inc.*, 142 F.3d 438, unpublished, 1998 WL 124047 (6th Cir. March 12, 1998). However, "[a] party may depose any person who had been identified as an expert witness whose opinions may be presented at trial." Federal Rule of Civil Procedure 26(b)(4)(A). Moreover, a testifying expert is required to disclose all information considered by him in forming his opinion:

> A *testifying expert* is required to file a report that must contain "a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information *considered* by the

3

> witness in forming the opinions; [and] any exhibits to be used as a summary of or support for the opinions...." Fed.R.Civ.P. 26(a)(2)(B) (emphasis supplied). Under Rule 26(a)(2)(B), the requirement of disclosure applies not only to information actually relied upon by a testifying expert, but also to information that was not relied upon, but considered by the expert. *See Constr. Indus. Servs. Corp. v. Hanover Ins. Co.,* 206 F.R.D. 43, 50 (E.D.N.Y.2001)... The advisory committee notes to the rule explain the lack of a reliance requirement:
>
> > The [expert] report is to disclose the data and other information considered by the expert and any exhibits or charts that summarize or support the expert's opinions. Given this obligation of disclosure, litigants should no longer be able to argue that material furnished to their experts to be used in forming their opinions- *whether or not ultimately relied upon by the expert*-are privileged or otherwise protected from disclosure when such persons are testifying or being deposed.
> >
> > Fed.R.Civ.P. 26(a)(2) advisory committee's note (emphasis supplied)....

*Schwab v. Philip Morris USA, Inc*., 2006 WL 721368 (E.D.N.Y. March 20, 2006)[emphasis in the original]. Some courts have concluded that it may be possible to discovery of even a testifying expert where that expert's role as a consultant clearly differs from his role as a witness:

> A single expert can be both a testifying expert, subject to the disclosure requirements of Rule 26(a)(2)(B) regarding some issues, and a consulting expert, not subject to discovery regarding other issues. *See B.C.F. Oil Ref., Inc. v. Consol. Edison Co.,* 171 F.R.D. 57, 61 (S.D.N.Y.1997) ("It is conceivable that an expert could be retained to testify and in addition to advise counsel outside of the subject of his testimony. Under such a circumstance it might be possible to claim a work product privilege if this delineation were clearly made." (quoting *Beverage Market v. Ogilvy & Mather,* 563 F.Supp. 1013, 1014 (S.D.N.Y.1983)).

*Id.* However, that is not the case here. Dr. Krane testified at his deposition to his history of service to this litigation. According to Dr. Krane, he was contacted in the summer of 2004 and asked if he

4

would serve as a consultant on plaintiff's claim. *Deposition of Dan E. Krane, Ph.D.*, March 23, 2006, at 86, Doc. No. 50 (filed under seal). After about a year, he was asked if he would be willing to serve as an expert witness, and was advised that he would be required to prepare a report. *Id*., at 87. Two to three months later, he produced the August 2005 expert report that has now been produced to defendants. *Id. See also Exhibit A*, attached to *Plaintiff's Disclosure of Expert Testimony*, Doc. No. 28. As a consultant, Dr. Krane discussed general issues about database searches and testimony and reports previously provided by him. He also discussed research conducted by him that was subsequently published in the *Journal of Forensic Sciences* and the *Journal of Jurimetrics*. *Krane Depo.*, at 89-93. Dr. Krane advised plaintiff's counsel of other attorneys who might be helpful to plaintiff's case "because I was either impressed with those attorneys' knowledge and understanding of DNA profiling or knew they were also involved in litigation involving databases...." *Id*., at 90.

In light of Dr. Krane's testimony, it is impossible to clearly delineate his service as a consultant from his service as an expert witness.

> Though it is theoretically possible to distinguish between an expert testifying and consulting, in practice, "the delineation between those roles ⋯ become[s] blurred" when an expert "review[s] documents in his role as an expert that he previously had reviewed in his role as consultant [.]" *B.C.F. Oil,* 171 F.R .D. at 61.

*Schwab v. Philip Morris USA, Inc*., *supra.* Additionally, "any ambiguity as to the role played by the expert when reviewing or generating documents should be resolved in favor of the party seeking discovery." *B.C.F. Oil Refining, Inc. v. Consolidated Edison Co. Of New York, Inc., supra*, 171 F.R.D. at 62. Contrary to plaintiff's characterization of Dr. Krane's roles, this expert appears to have consulted with plaintiff's counsel on the very same issues for which he has now been retained

as an expert witness. *See Plaintiff's Disclosure of Expert Testimony,* Doc. No. 28. Under these circumstances, defendants are entitled to depose Dr. Krane regarding the period prior to June 2005 when he was retained as a testifying expert.

Moreover, Dr. Krane's testimony will not be limited to exclude counsel's mental impressions and trial strategy, if those impressions and that strategy were considered by Dr. Krane in forming his expert opinions. Although authority on this issue is not unsettled, most courts faced with the issue have opted in favor of greater discovery of experts. For example, in *TV-3 v. Royal Ins. Co. Of America*, 193 F.R.D. 490, 491-92 (S.D. Miss. 2000), the court concluded that "any material generated by the testifying expert in connection with the subject litigation" and that all "communications by the expert to the attorneys" was discoverable:

> At issue is whether Rule 26(a)(2) requires that a party produce communications of any kind by and between its attorneys and its testifying experts, regardless of whether a claim of attorney work product would ordinarily protect the communications from disclosure. Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure was amended in 1993 to require that reports be prepared for each testifying expert containing, among other things, "the data or other information *considered* by the witness in forming the opinions." (Emphasis added.) The Advisory Committee Notes to the 1993 Amendment, explain this requirement as follows:
>
> The [expert] report is to disclose the data and other information considered by the expert and any other exhibits or charts that summarize or support the expert's opinions. **Given this obligation of disclosure, litigants should no longer be able to argue that materials furnished to their experts to be used in forming their opinions--whether or not ultimately relied upon by the expert--are privileged or otherwise protected from disclosure when such persons are testifying or being deposed.**
>
> Advisory Committee Notes Fed.R.Civ.P. 26(A)(2), P. 149 (emphasis added).

\*\*\*

The undersigned recognizes that the authorities differ as to this issue....

...[*see*] *Magee v. Paul Revere Life Insurance Co.,* 172 F.R.D. 627 (E.D.N.Y.1997); *Haworth, Inc. v. Herman Miller, Inc.,* 162 F.R.D. 289 (W.D.Mich.1995); *All West Pet Supply Co. v. Hill's Pet Products Division,* 152 F.R.D. 634 (D.Kan.1993). The Defendants cite these cases, as well as *Nexxus Prods. Co. v. CVS New York, Inc.,* 188 F.R.D. 7, 9 (D.Mass.1999), and cases which predate the 1993 amendments....

We.. . instead adopt the opposite approach... that is that Rule 26, requiring disclosure of material "considered," allows discovery of all communications between counsel and a retained testifying expert, **even if those communications contain the attorneys' mental impressions or trial strategy or is otherwise protected by the work product privilege.** Authorities supporting this position... include *Karn v. Rand,* 168 F.R.D. 633, 635 (N.D.Ind.1996) (the expert disclosure requirements of 26(a)(2) " 'trump' any assertion of work product or privilege"); *B.C.F. Oil Refining v. Consol. Edison Co. of N.Y.,* 171 F.R.D. 57 (S.D.N.Y.1997) (holding that all material considered by a testifying expert, including communications from counsel containing attorney work product, must be disclosed); *Lamonds v. General Motors, Corp.,* 180 F.R.D. 302 (W.D.Va.1998) (same); *Furniture World, Inc. v. D.A.V. Thrift Stores,* 168 F.R.D. 61 (D.N.M.1996) (same); *Culbertson v. Shelter Mut. Ins. Co.,* No. 97-1609, 1999 WL 109566 (E.D.La. March 2, 1999) (same); *Johnson v. Gmeinder,* 191 F.R.D. 638 (D.Kan.2000) (same); *Barna v. United States,* No. 95 C 6552, 1997 WL 417847 (N.D.Ill. July 28, 1997 (same); *Musselman v. Phillips,* 176 F.R.D. 194, 202 (D.Md.1997) ("[W]hen an attorney furnishes work product--either factual or containing the attorney's impressions--to [a testifying expert witness], an opposing party is entitle to discovery of such a communication"); *Baxter Diagnostics, Inc. v. AVL Scientific Corp.,* No. CV91-4178-RG, 1993 WL 360674 (C.D.Cal., August 6, 1993) (citing the amendments to Rule 26(a)(2) as requiring "automatic disclosure of all information considered by the trial experts" in forming their opinions).

*Id. See also Western Resources, Inc., v. Union Pacific Railroad,* unpublished, 181494 (D.Kansas, January 31, 2002):

> [A]ny type of work product or other privileged information lose their privileged status when disclosed to, and considered by, a testifying expert. *Johnson v. Gmeinder,* 191 F.R.D. 638, 645-47 (D.Kan. 2000) (holding investigative report and other materials prepared by a non-testifying expert in connection with investigation of an automobile accident loses privileged status when disclosed to testifying expert) (citing Fed.R.Civ.P. 26(a)(2)(B) and advisory committee notes appended thereto; *Lamonds v. General Motors Corp,* 180 F.R.D. 302, 305 (W.D.Va. 1998) (applying rule to opinion work product); *Musselman v. Phillips,* 176 F.R.D. 194, 202 (D.Md. 1997) (same); *B.C.F. Oil Refining, Inc. v. Consolidated Edison Co.,* 171 F.R.D. 57, 66 (S.D.N.Y. 1997) (same); *Karn v. Ingersoll-Rand Co.,* 168 F.R.D. 633, 639-40 (N.D.Ind.1996) (same); *Barna v. United States,* No. 95 C 6552, 1997 WL 417847 (N.D.Ill. July 28, 1997) (same); 8 Charles A. Wright, Arthur R. Miller, & Richard L. Marcus, Federal Practice and Procedure § 2016.2 at 250-52 (1994) ("[W]ith respect to experts who testify at trial, the disclosure requirements of Rule 26(a)(2), adopted in 1993, were intended to pretermit further discussion and mandate disclosure despite privilege"); Lee Mickus, *Discovery of Work Product Disclosed to a Testifying Expert Under the 1993 Amendments to the Federal Rules of Civil Procedure,* 27 Creighton L.Rev. 773, 808 (1994)).FN11
>
> FN11. *See, also*, *In re Air Crash at Dubrovnik,* No. MDL 1180, 3:98:CV-2464 (AVC), 2001 WL 777433, at *3 (D. Conn. June 4, 2001); *QST Energy, Inc. v. Mervyn's and Target Corp.,* No. C-00-1699MJJ (EDL), 2001 WL 777489, at *3-5 (N.D.Cal. May 14, 2001) (in naming former consultant as witness, party waives attorney client privilege in regard to all subjects on which expert likely to offer testimony); *Vaughan Furniture Co. v. Featureline Mfg., Inc.,* 156 F.R.D. 123, 128 (M.D.N.C.1994) (waiver of privilege resulting from designation of attorney as expert witness applies to those documents expert reviewed at any time and that would be relevant to formulation of expert opinion) (emphasis added); *Chemical Bank v. Affiliated FM Ins. Co.,* No. 87-Civ-0150 (SHS), 1996 WL 445362 (S.D .N.Y. Aug. 7, 1996); *Douglas v. Univ. Hosp.,* 150 F.R.D. 165, 168 (E.D.Mo.1993) (once non-testifying expert is designated as testifying expert, non-testifying expert subject to cross-examination); *County of Suffolk v. Long Island Lighting Co.,* 122 F.R.D. 120, 123

(E.D.N.Y.1988) (Party cannot proffer consultant as disinterested expert and at same time shield his major role in formulation of case.).

*Id.*

In view of the Advisory Committee Notes to the 1993 Amendments to Federal Rule of Civil Procedure 26, *see supra*, this Court agrees with those courts that have concluded that neither the "exceptional circumstances" of Federal Rule of Civil Procedure 26(b)(4), nor the work product doctrine of Federal Rule of Civil Procedure 26(b)(3) apply to a consulting expert who has been designated as an expert witness, particularly where, as here, his role as a consultant is closely intertwined with his role and opinions as a testifying expert

For all the foregoing reasons, *Defendants' Motion to Compel,* Doc. No. 46, is **GRANTED**. *Plaintiff's Motion for a Protective Order*, Doc. No. 48, is **DENIED.**

**IT IS SO ORDERED.**

 *s/ Norah McCann King*
Norah McCann King
United States Magistrate Judge

May 19, 2006

9